**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-20676
Summary Calendar

DORETHA WEBB YORK,

Plaintiff-Appellant,

versus

HOUSTON COMMUNITY
COLLEGE SYSTEM; CHARLES GREEN, Dr;
JAMES ENGLE, Dr; ROBERT ANDERSON Dr;
KAY KING, Dr,

Defendants-Appellees.

CHARLES H. HEBERT, Jr.,

Plaintiff-Appellant,

versus

HOUSTON COMMUNITY
COLLEGE SYSTEM; CHARLES GREEN, Dr;
JAMES ENGLE,Dr; ROBERT ANDERSON, Dr;
KAY KING, Dr,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas
No. H-95-CV-1175
No. H-95-CV-688

September 11, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

This is an appeal of an order of summary judgment entered by the district court. The district court held that appellants failed to establish a prima facie case of discrimination under Title VII, 42 U.S.C. § 2000e et seq.

Appellants Dr. Doretha Webb York and Dr. Charles Hebert, Jr., both African-Americans, are employed by the Houston Community College System ("HCCS"), a Texas public junior college. When this lawsuit was filed, York served as Supervisor of the Office Occupations Department, Business Careers Division, Central Campus. Hebert served as Coordinator for the Barbara Jordan Center and Director of Technical Education Special Projects for Northeast College.

In 1990, the HCCS was decentralized and reorganized into six separate colleges. At this time, Hebert applied for college president and dean positions and York applied for dean and assistant dean positions. After they were denied these promotions, Hebert and York discussed with HCCS trustees their concerns about perceived discriminatory bias in the selection process.

In 1993, the Dean of Instruction at the HCCS's Central College died and the HCCS advertised for applicants for his position in March 1993. The applications received by the HCCS were screened by a committee, which interviewed the top candidates in June and July. In August of 1993, the position was reposted. Both of the appellees applied for the position once it was reposted. On February 16, 1994, the appellees were interviewed for the deanship. Neither of them received an offer for the position. The individual who received the position is not a member of appellants' protected class.

In March 1995, York filed suit in the district court alleging that appellees were liable for violations of the First and Fourteenth Amendments, for race and gender discrimination in violation of 42 U.S.C. § 2000 et seq., and conspiracy to deprive her of her civil rights. The following month,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

2

Hebert filed a complaint in the district court wherein he alleged the same causes of action as did York. The district court consolidated the cases.

Appellees moved for summary judgment. The district court granted partial summary judgment in favor of appellees on appellants' due process, First Amendment, and conspiracy claims. Following a hearing to determine whether the Dean of Instruction position was an appointed position on the policy-making level, the district court granted summary judgment in favor of the appellees on appellants' remaining claims and entered a final judgment.

This Court reviews the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The same summary judgment standard that applies to the district court applies to this Court. Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152 (5th Cir. 1990). Summary judgment is warranted when the record, as a whole—"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986); Thomas v. Harris County, 784 F.2d 648, 651 (5th Cir. 1986). The record is to be viewed in the light most favorable to the party opposing the motion for summary judgment. Daly v. Sprague, 675 F.2d 716 (5th Cir. 1982, cert. denied).

Having reviewed the briefs and the record pursuant to this standard, we AFFIRM the judgment essentially for the reasons stated in the district court's order, York v. Houston Community College System, No. H-95-688 (S.D. Tex. Jul. 9, 1997) consolidated with Hebert v. Houston Community College System, No. H-95-1175 (S.D. Tex. Jul. 9, 1997).

The judgment is hereby AFFIRMED.